[No. 18815. Department One. February 16, 1925.]

ELMAN WOOD, *Respondent,* v. THE YELLOW CAB
COMPANY, *Appellant.*[1]

APPEAL (418)—REVIEW—FINDINGS. Findings on conflicting evidence will not be disturbed on appeal where it cannot be said that they are against the weight of the evidence.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered April 22, 1924, upon findings in favor of the plaintiff, in an action for personal injuries sustained in an automobile collision, tried to the court. Affirmed.

*McCarthy, Edge & Lantz,* for appellant.

*Lester K. Deller,* for respondent.

BRIDGES, J.—There is nothing but a question of fact in this personal injury case. It was tried by the court without a jury. There was a judgment for the plaintiff for $350.

The collision occurred at the intersection of Sprague avenue and Adams street, in Spokane. Sprague avenue runs east and west, and Adams street, for the most part, north and south. Riverside avenue is north of and somewhat parallel with Sprague avenue. Adams street, at the point under discussion, is but 20 feet in width and approaches Sprague avenue on a curve. About two or three o'clock in the morning of a certain day the plaintiff was driving his Ford sedan westerly on Sprague avenue. He had two young men with him. The car with which he collided was a taxi. Those in it were the driver, his brother, sitting with him on the front seat, and a passenger who was being taken to a hotel. They had crossed Riverside avenue and were

[1]Reported in 233 Pac. 6.

going along the curved portion of Adams street in order to reach Sprague avenue.

We have found considerable difficulty in following the testimony. Witnesses were continually testifying that they were "coming along here," or were close "to this curb," or he put on the brakes "here," etc. However, with the assistance of the map in evidence, we feel we have gained a fairly good idea of what the testimony shows. It is greatly in dispute on every question except the fact of the collision. It is one of those cases that are difficult of decision when there is nothing before the court but the printed testimony. We are quite well satisfied that the driver of the taxi was negligent in that he was driving at an excessive rate of speed, and in that he was on the wrong side of Adams street in going around the curve from Riverside avenue to Sprague avenue. The question which has troubled us most is whether the plaintiff, who was the driver of the Ford sedan, was guilty of contributory negligence. His testimony was to the effect that, before reaching the intersection of Adams and Sprague, he was driving at about twenty miles an hour; that, when he got close to the intersection, he started to slow down, and at about the same time observed the taxi coming around the curve in Adams street, heading directly towards him. He put on his brakes and his car skidded some eight to twelve feet, and it was thereby slowed down so that when he got into the intersection he was traveling some ten miles an hour. The pavement was dry. The fact that the car skidded ten feet or so would tend to indicate that it may have been going at a greater rate of speed than 20 miles an hour when the brakes were applied. However, it is always dangerous to rely too much on skid marks as showing the speed of an automobile. Some cars will stop in much less distance than others. The brakes may not be equally balanced,

thus causing one wheel to skid, or there may be grease or oil on the street which would tend to make the car skid the more easily. But if respondent's testimony is to be believed (and it was well supported by that of other witnesses), he was driving with due care.

It has been very wisely established that this court will not overrule the findings of the trial court on questions of fact unless we can say that the preponderance of the evidence is against them. A very careful reading of the testimony does not convince us that the court's findings on this question are against the weight of the evidence. It must follow from what we have said that the judgment must be affirmed, and it is so ordered.

TOLMAN, C. J., MAIN, and HOLCOMB, JJ., concur.